UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID SHANE PAQUETTE,

      Petitioner,

v.                                  Case No. 8:22-cv-2858-WFJ-TGW

UNITED STATES OF AMERICA,

      Respondent.

_____/

## ORDER

Before the Court is David Shane Paquette's ("Petitioner") Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Civ. Dkt. 1).[1] The United States of America ("Respondent") has responded in opposition (Civ. Dkt. 15) and Petitioner has replied (Dkt. 16). Upon careful review, the Court finds an evidentiary hearing unnecessary and denies Petitioner's Motion.

## BACKGROUND

On November 14, 2005, Petitioner was convicted of fourth-degree sexual misconduct in Michigan. Cr. Dkt. 25 at 10; Cr. Dkt. S-41 at 4. This required Petitioner to register as a sex offender wherever he lived for 25 years. Cr. Dkt. S-41

---

[1] In this civil case, citations to the civil docket will be denoted as "Civ. Dkt. [document number]." Citations to Petitioner's criminal case in the Middle District of Florida, 8:19-cr-264-WFJ-TGW, will be denoted as "Cr. Dkt. [document number]."

at 5. Notwithstanding, in 2017, and while still on parole in Michigan, Petitioner absconded to Florida and failed to register as a sex offender. *Id.*

Two years later, law enforcement officers in Hillsborough County, Florida, conducted a traffic stop on a vehicle in which Petitioner was a passenger. *Id.* Petitioner provided a false name and eventually fled on foot. *Id.* After a short pursuit involving physical resistance, the officers apprehended Petitioner and took him into custody. *Id.* Petitioner provided a second false name to law enforcement at this point. *Id.* His true identity was later discovered only through fingerprint verification. *Id.*

On June 20, 2019, a federal grand jury indicted Petitioner for failing to register as a sex offender and update his registration in violation of 18 U.S.C. § 2250(a). Cr. Dkt. 1 at 1–2. Petitioner pled guilty approximately six months later. Cr. Dkt. 25. Unfortunately, however, Petitioner's plea agreement contained a mistake. The maximum penalties provision provided that "Count One carries a maximum sentence of ten year's imprisonment, a fine of $250,000, a term of supervised release of up to three years, and a special assessment of $100 per felony count for individuals." *Id.* In reality, if a term of supervised relief was to be imposed, the Court was required to "impose a term of supervised release of five years to life" under 18 U.S.C. § 3583(k). Cr. Dkt. S-41 at 26.

On January 27, 2021, the presiding magistrate judge held a change-of-plea hearing. Cr. Dkt. 55. Petitioner informed the magistrate that he had reviewed each

section of the plea agreement with counsel, understood its terms, and did not have any questions. *Id.* at 7–8. Petitioner also stated his satisfaction with counsel's representation. *Id.* at 13–14. In explaining the maximum penalties, though, the magistrate then read from the erroneous plea agreement and stated that Petitioner's offense could result in "a term of supervised release of up to three years." *Id.* at 14–15. No one caught the mistake before Petitioner went on to assure the magistrate that he understood his sentence appeal waiver, that he had not been made any promises outside of the plea agreement, and that he was making his plea knowingly and voluntarily. *Id.* at 15–27. The magistrate consequently accepted the plea. *Id.* at 37.

Prior to sentencing, the United States Probation Office issued a Presentence Investigation Report ("PSR"). Cr. Dkt. S-41. The PSR correctly stated that "*[t]he Court shall impose a term of supervised release of five years to life*." *Id.* at 26 (emphasis added); *see also* Cr. Dkt. S-38 at 24 (the Initial Presentencing Report providing the same). Petitioner made multiple objections, but none addressed the inconsistency between the supervised release terms contained within the plea agreement and those contained within the PSR. *See* Cr. Dkt. S-41 at 29–46.

On April 16, 2021, the Court held Petitioner's sentencing hearing. Petitioner represented that he had gone over the PSR with counsel and that he was prepared to proceed. Dkt. 60 at 3–4. After addressing Petitioner's objections (none of which related to the length of supervise release), the Court stated that "[t]here is a five-year

term—and I don't think I have any discretion in the supervised release—five-year term of supervised release." *Id.* at 11 (cleaned up). Petitioner did not object or otherwise address this finding. Following allocution, the Court sentenced Petitioner to 33 months' imprisonment followed by a five-year term of supervised release, *id.* at 31, and deferred to probation on the matter of whether a special condition of no-contact with minors was appropriate, *id.* at 33. At this point, the Court asked if Petitioner had "any objections beyond those previously stated." *Id.* at 35. Petitioner failed to raise any objection as to the length of his supervised release.

Petitioner appealed days later. Dkt. 47. He challenged his sentence of supervised release on three grounds: (1) the Court mistakenly believed that it had to impose a term of supervised release; (2) the special condition of no-contact with minors ultimately imposed by probation involved a greater deprivation of liberty than reasonably required; and (3) delegating the special condition issue to probation was an erroneous delegation of a judicial function. *See* Appellant Brief for David Paquette, at 10–25, *U.S. v. Paquette*, No. 21-11365, 2022 WL 3453115. The Eleventh Circuit found that the first two grounds were barred by the sentence appeal waiver in Petitioner's plea agreement, but it agreed that the Court erred in delegating the special condition issue to probation and vacated that ruling. *U.S. v. Paquette*, No. 21-11365, 2022 WL 3453115, at *1–2 (11th Cir. Aug. 18, 2022), *cert. denied,* 143

S. Ct. 610 (2023). On remand, the Court imposed the same sentence without any special condition related to contact with minors. Cr. Dkt. 71.

Petitioner timely filed the instant Motion on December 11, 2022. Civ. Dkt. 1. Petitioner asserts four grounds for relief: (1) ineffective assistance of counsel where Petitioner was allegedly (a) promised time served and three years of supervised release, and (b) not properly advised about the sentence appeal waiver; (2) plain error where the presiding magistrate failed to create an adequate factual record at the change-of-plea hearing to determine if the plea was intelligent, knowing, and voluntary; (3) plain error regarding the Court's alleged failure to credit Petitioner for time spent in presentence detention; and (4) plain error where the Court allegedly imposed terms and conditions in excess of previously agreed upon terms and conditions. *Id.* at 5–13.

## STANDARD OF REVIEW

On collateral review, the petitioner "has the burden of proof and persuasion on all the elements of his claim." *In re Moore*, 830 F.3d 1268, 1272 (11th Cir. 2016). This is "a significantly higher hurdle than would exist on direct appeal," *United States v. Frady*, 456 U.S. 152, 164–66 (1982); for, "[w]hen the process of direct review . . . comes to an end, a presumption of finality and legality attaches to the conviction and sentence" at issue, *Moore*, 830 F.3d at 1272 (citations omitted). "[I]f the Court cannot tell one way or the other" whether the petitioner's claim is valid,

the petitioner has "failed to carry his burden of showing all that is necessary to warrant [section] 2255 relief." *Id.* at 1273.

## DISCUSSION

Petitioner brings four grounds for relief that revolve around the inconsistent supervised release terms discussed above. The Court will address each below.

### I.    Ground One

Petitioner first argues that counsel was ineffective because his "plea was not voluntary, knowing, and, intelligent, and therefore must be vacated under the [*Padilla v. Kentucky*, 559 U.S. 356 (2010)] standard where counsel failed to adequately determine whether he understood the sentencing exposure set forth by the conditions of the plea." Civ. Dkt. 16 at 3. Petitioner maintains that he was (a) promised time served and three years of supervised release, and (b) not properly advised about the sentence appeal waiver contained within his plea agreement. Civ. Dkt. 1 at 5. Petitioner further claims that "he would have declined any conditional acceptance of the plea and proceeded directly to trial" had counsel properly advised him. Civ. Dkt. 1 at 5.

Counsel is ineffective under the Sixth Amendment if "(1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense such that petitioner was deprived of a fair trial." *Dill v. Allen*, 488 F.3d 1344, 1354 (11th Cir. 2007) (citing *Strickland*, 466 U.S. at 687 (1984)). A petitioner claiming

ineffective assistance of counsel carries the burden of establishing both prongs. *Strickland*, 466 U.S. at 687.

To establish deficient assistance under *Strickland*, a petitioner must demonstrate that counsel's performance "fell below an objective standard of reasonableness." *Id.* at 688. The test is not "what the best lawyers" or "what most good lawyers would have done." *White v. Singletary*, 972 F.2d 1218, 1220 (11th Cir. 1992). Rather, the question is "whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial." *Id.*

To establish resulting prejudice under *Strickland*, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* If the petitioner fails to establish either of the *Strickland* prongs, his claim fails. *See Maharaj v. Sec'y, Dep't of Corr.*, 432 F.3d 1292, 1319 (11th Cir. 2005).

Here, Petitioner was not ultimately prejudiced by counsel's mistake at the change-of-plea hearing stage. As an initial matter, even at this time, it was clear that Petitioner understood that no one promised him time served:

> THE COURT: I want to emphasize paragraph 6. That points out that the Court is not a party to this plea agreement and therefore isn't bound by the plea agreement. This is an agreement between you on the one hand and the Government on the other hand. So if there's certain items in here the Court disagrees with, the Court can reject those items. Do you understand that?

7

THE DEFENDANT: Yes, sir.

THE COURT: And if that should happen, you would not have a right to withdraw your plea of guilty. Do you understand that?

THE DEFENDANT: Yes, sir.

\*\*\*\*\*

THE COURT: And let me jump down to paragraph 12, which is at the bottom of page 11. That points out that this plea agreement is the entire agreement between you and the government and that there are no other promises, agreements, or representations, except for what's written down here. So if you think someone's promised you something in order to get you to plead guilty, if it isn't written down here then it doesn't count and you can't rely on it. Do you understand that?

THE DEFENDANT: Yes, sir.

Cr. Dkt. 55 at 20–22. It was also clear that Defendant understood the sentence appeal waiver contained within his plea agreement:

THE COURT: Also -- I also want to emphasize paragraph 7. First, I will tell you that even though you are pleading guilty you have a right to appeal your sentence, but under paragraph 7 you limit the extent to which you can appeal your sentence. Under paragraph 7, you can only appeal if the sentence exceeds the guideline range as determined by the Court under the guidelines or if the sentence exceeds the statutory maximum penalty or if the sentence violates the Eighth Amendment to the United States Constitution, which prohibits excessive fines and cruel and unusual punishment. You could also appeal if the Government first appeals. What you cannot appeal is the way the Court calculates the sentencing guidelines. Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: Do you have any questions about that?

8

THE DEFENDANT: I do not.

THE COURT: And are you agreeing to that provision freely and voluntarily as part of this plea agreement?

THE DEFENDANT: Yes, sir.

*Id.* at 20–21.

As to the supervised release terms, Petitioner had the opportunity to object prior to sentencing, at the time of his sentencing, and on appeal. The Eleventh Circuit has explained that "[a] district court's misstatement regarding the term of supervised release at the plea colloquy does not prejudice a defendant when the proper range of supervised release was contained in the written plea agreement and the [PSR], and was unobjected to." *U.S. v. Langley*, 384 Fed. Appx. 904, 906 (11th Cir. 2010) (unpublished). Here, although the proper range of supervised release was not contained within the plea agreement, it was contained within the Initial Presentencing Report, Cr. Dkt. S-38 at 24, and the final PSR, Cr. Dkt. S-41 at 26. Petitioner did not object to the supervised release terms in either despite affirming at sentencing that he had gone over the entire PSR with counsel and had ample time to review everything. *See* Civ. Dkt. 60 at 4. Had he objected, the Court would have addressed the matter before passing sentence. But he remained silent—even after the Court pronounced sentence. Petitioner then failed to raise the issue on direct appeal while having grounds to excuse any waiver issue that he might have faced in doing

so. *See* Appellant Brief for David Paquette, at 10–25, *U.S. v. Paquette*, No. 21-11365, 2022 WL 3453115.

Finally, the Court notes that, under section 3583(k), any plea bargain struck by Petitioner would have resulted in a term of supervised release of at least five years. It strikes the Court as disingenuous for Petitioner to now claim that he would have avoided any plea deal simply due to this fact where Petitioner had multiple opportunities to attempt a withdrawal and took none prior to the instant Motion. Petitioner has failed to carry his burden of establishing that he was prejudiced by counsel's failure to catch the subject inconsistency at the time of his change-of-plea hearing. His Ground One *Strickland* claim fails. *See Maharaj*, 432 F.3d at 1319.

## II.     Ground II

Petitioner next argues that plain error occurred where "the Court failed to create an adequate factual basis at the change-of-plea hearing to determine if the plea was intelligent, knowing, and voluntary." Civ. Dkt. 1 at 7. Respondent maintains that this claim is procedurally defaulted. Civ. Dkt. 15 at 6. The Court agrees.

It is well established that "a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a [section] 2255 proceeding." *McKay v. United States*, 657 F.3d 1190, 1196 (11th Cir. 2011) (citation omitted). This rule "generally applies to all claims, including constitutional claims." *Lynn v. United*

10

*States*, 365 F.3d 1225, 1234 (11th Cir. 2004) (citation omitted). Here, just like the petitioner in *Bousley v. U.S.*, 523 U.S. 614, 622 (1998), Petitioner is arguing that his plea was unintelligent because "the information provided by the District Court at his plea colloquy was erroneous." In *Bousley*, the Supreme Court found that "[t]his type of claim can be fully and completely addressed on direct review based on the record created at the plea colloquy." *Id.* The same remains true here. Accordingly, because Petitioner failed to raise this issue on direct appeal, it is defaulted.

There are two exceptions to the procedural default rule. "Under the first exception, a defendant must show cause for not raising the claims of error on direct appeal *and* actual prejudice from the alleged error." *Lynn*, 365 F.3d at 1234 (emphasis in original) (citations omitted). "Under the second exception, a court may allow a defendant to proceed with a [section] 2255 motion despite his failure to show cause for procedural default if a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Id.* (internal quotations and citation omitted).

Petitioner cannot satisfy either exception to escape his procedural default. To begin with, Petitioner does not suggest, let alone demonstrate, that he is actually innocent of the crime for which he has been adjudicated guilty. Petitioner knowingly and voluntarily pled guilty to failing to update his sexual offender registration in open court. He presents no evidence to contradict the factual predicates he stipulated

to as a part of that plea. Thus, the Court may "easily dispense with the second narrow exception." *Id.* at 1235.

The first procedural default exception is also inapplicable. "In order to show cause for not raising a claim in an earlier petition, a petitioner must show 'some external impediment preventing counsel from constructing or raising the claim.'" *High v. Head*, 209 F.3d 1257, 1262 (11th Cir. 2000) (citation omitted). On this point, Petitioner claims that the legal basis for his claim was not reasonably available due to his sentence appeal waiver. Civ. Dkt. 16 at 2–3. While this is a viable means of establishing cause, *see Murray v. Carrier*, 477 U.S. 478, 488 (1986), it is not available in the instant case. Indeed, as mentioned above, Petitioner's claim could have been reviewed on direct appeal for constitutional error in his plea colloquy. *See Bousley*, 523 U.S. at 623. Petitioner also could have raised the claim at sentencing. He nevertheless failed to bring it forth until now.

### III.   Ground Three

In his third grounds for relief, Petitioner argues that "plain error occurred when the Court failed to credit [Petitioner's] sentence for time spent in presentence detention." Civ. Dkt. 1 at 11. This claim is not cognizable on a motion for section 2255 relief. *See Brantley v. United States*, No. 3:19-CR-0009-CAR-CHW, 2022 WL 1416747, at *2 (M.D. Ga. Mar. 29, 2022), *report and recommendation adopted*, No. 3:19-CR-9-CAR-CHW, 2022 WL 1410940 (M.D. Ga. May 4, 2022) (explaining that

a "motion related to the calculation or execution of a sentence is properly filed as a petition for writ of habeas corpus under 28 U.S.C. § 2241 only after the exhaustion of administrative remedies"). "Granting credit for time served . . . is, in the first instance, an administrative, not a judicial function." *United States v. Pruitt*, 417 F. App'x 903, 903 (11th Cir. 2011) (internal quotations and citations omitted). Petitioner must exhaust his administrative remedies with the Bureau of Prisons and then file a section 2241 petition with the Court in order to properly raise this issue.

### IV.   Ground Four

Petitioner finally argues that "plain error occurred at sentencing when the Court imposed terms and conditions in excess of previously agreed upon terms and conditions." Civ. Dkt. 1 at 12. Petitioner further contends that the Court's sentence resulted in a breach of the plea agreement by Respondent. *Id.*

This claim is without merit. The Court was "neither a party to nor bound by [the] plea agreement." Cr. Dkt. 25 at 7. What is more, the plea agreement provided that:

> The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office. The defendant understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement. The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's

sentence, whether or not such decision is consistent with the government's recommendations contained herein.

*Id.* It follows that the Court could not have committed a plain error simply by imposing a sentence beyond that contained within the plea agreement. Petitioner does not argue that the Court's sentence was unlawful for any other reason. *Id.* at 13. As to Respondent's alleged breach, moreover, Petitioner fails to acknowledge that Respondent never agreed to recommend any term of supervised release. It instead promised "not to charge defendant with committing any other federal criminal offenses known to the United States Attorney's Office at the time of the execution of [the plea]. *Id.* at 2. To the Court's knowledge, Petitioner has been charged with no federal crime beyond the 18 U.S.C. § 2250(a) violation he is currently serving time for.

The Court also notes that Ground Four is procedurally defaulted. There is no doubt that Petitioner could have raised this claim on direct appeal. *See United States v. Malone*, 51 F.4th 1311, 1314 (11th Cir. 2022) (finding that the Eleventh Circuit must conduct "plain-error analysis on direct appeal whenever a defendant claims breach of the plea agreement but did not object in the district court"). Petitioner did not do so and presents to basis to excuse his failure. Petitioner is therefore barred from raising this claim now. *See McKay*, 657 F.3d at 1196.

### V.   Evidentiary Hearing and Certificate of Appealability

Given the shortcomings of Petitioner's claims, an evidentiary hearing in this matter is unnecessary. "A petitioner is entitled to an evidentiary hearing if he alleges facts that, if true, would entitle him to relief." *Winthrop-Redin v. United States*, 767 F.3d 1210, 1216 (11th Cir. 2014) (internal quotations and citations omitted). "[A] district court is not required to hold an evidentiary hearing where the petitioner's allegations are affirmatively contradicted by the record, or the claims are patently frivolous[.]" *Aron v. United States*, 291 F.3d 708, 715 (11th Cir. 2002) (citation omitted).

Here, Petitioner's claims are either contradicted by the record or meritless. Counsel's performance and Respondent's plea agreement mistake simply did not prejudice Petitioner. He received the lowest term of supervised release the law permits. As a result, summary dismissal is appropriate. *See Broadwater v. United States*, 292 F.3d 1302, 1303 (11th Cir. 2002) (finding that "a district court faced with a [section] 2255 motion may make an order for its summary dismissal [i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief").

Petitioner is similarly not entitled to a certificate of appealability ("COA"). A petitioner moving under section 2255 has no absolute entitlement to appeal a district court's denial of his motion to vacate. 28 U.S.C. § 2253(c)(1). Rather, a district court

15

must first issue a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." Petitioner has made no such showing. Petitioner is therefore entitled to neither a certificate of appealability nor to proceed on appeal *in forma pauperis*.

**CONCLUSION**

Accordingly, it is hereby **ORDERED** and **ADJUDGED**:

(1) Petitioner's Amended Motion to Vacate, Set Aside, or Correct Sentence (Civ. Dkt. 1) is **DENIED**.

(2) A certificate of appealability and leave to appeal *in forma pauperis* is **DENIED**.

(3) The Clerk is directed to enter judgment in favor of Respondent and against Petitioner.

**DONE AND ORDERED** at Tampa, Florida, on September 18, 2023.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

<u>**COPIES FURNISHED TO**</u>:
Counsel of Record
Petitioner, *pro se*